■ ERWINE LAVERNE et al., Appellants, et al., Plaintiff, v. INCORPORATED VILLAGE OF LAUREL HOLLOW et al., Respondents. ERWINE LAVERNE et al., Appellants, et al., Plaintiff, v. EDWARD J. MEEHAN, Individually and as Police Sergeant of the Incorporated Village of Laurel Hollow, Respondent.— In two actions to recover damages for conspiracy to deprive plaintiffs of their trade secrets and property rights, and for other relief, in which (a) two orders of the Supreme Court, Nassau County, were entered February 15, 1965, one of which denied plaintiffs' motion for a protective order and the other of which upon reargument granted defendants' motion to dismiss the complaints of the plaintiffs Erwine Laverne and Laverne, Inc. pursuant to statute (CPLR 3126, subd. 3); and (b) a judgment of said court was entered February 24, 1965 pursuant to the second-mentioned order, the plaintiff Erwine Laverne appeals from the first-mentioned order and the plaintiffs Erwine Laverne and Laverne, Inc. appeal from the second-mentioned order and from the judgment. The first-mentioned order is affirmed, with $10 costs and disbursements payable by the appellant Erwine Laverne. The second-mentioned order and the judgment are modified to the extent of adding a provision in each directing that (a) a copy of said order and judgment, with notice of entry, be served by defendants upon the trustee in bankruptcy of the corporate plaintiff and upon the attorneys for the trustee; (b) the trustee is given leave to apply to the Special Term, on notice, for permission to prosecute the action of the corporate plaintiff; and, (c) in the event the trustee makes such application and is granted such permission, the judgment, insofar as it dismisses the complaint of the corporate plaintiff, shall be deemed set aside as to it. As so modified, said order and judgment are affirmed, without costs. Defendants shall also serve upon the trustee and his attorneys a copy of the order hereon, with notice of entry. Service of said papers upon the trustee and his attorneys shall be effectuated within 10 days after entry of the order hereon; and the time within which such application by the trustee may be made is limited to 90 days after such service. In our opinion there is ample evidence that plain-

tiff Erwine Laverne has willfully failed to purge himself of his prior diso-bedience of an order directing him to submit to a pretrial examination (see *Laverne* v. *Incorporated Vil. of Laurel Hollow*, 22 A D 2d 826). We are of the same opinion with respect to the conduct of plaintiff Erwine Laverne and his attorney in failing to submit the corporate plaintiff to a duly noticed pre-trial examination. We find, however, that the record does not sufficiently demonstrate that the trustee in bankruptcy of that plaintiff does not intend to assume prosecution of the bankrupt's action. We therefore extend an oppor-tunity to the trustee to continue the action (U. S. Code, tit. 11, § 29, subd. [c]). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.